**Juanita NEWMAN, Plaintiff–Appellee–Cross–Appellant,**

v.

**Shirley S. CHATER, Commissioner of Social Security,\* Defendant–Appellant–Cross–Appellee.**

**Nos. 94–55761, 94–55887.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 15, 1995.

Decided June 25, 1996.

\* Pursuant to Pub.L. No. 103–296, the Social Security Independence and Program Improvements Act of 1994, the function of the Commissioner of Health and Human Services in Social Security cases was transferred to the Commissioner of Social Security effective March 31, 1995. In accordance with section 106(d) of Pub.L. 103–296, Shirley S. Chater, Commissioner of Social

Gerald McIntyre, National Senior Citizens Law Center, Los Angeles, California, for plaintiff-appellee-cross-appellant.

Frank A. Rosenfeld, United States Department of Justice, Washington, D.C., for defendant-appellant-cross-appellee.

Security, is substituted for Donna E. Shalala, Commissioner of Health and Human Services, as the defendant in this action.

Before FLETCHER, CANBY, and HAWKINS, Circuit Judges.

CANBY, Circuit Judge.

In this case we must decide whether 42 U.S.C. § 1382(c) requires the Commissioner of Social Security to promulgate a regulation that would establish the circumstances under which "reliable information ... currently available" would be used to make Supplemental Security Income ("SSI") benefit adjustments in the current month rather than in a subsequent month. § 1382(c)(4)(A) and (B). We conclude that the Commissioner must promulgate such a regulation. Until the regulation is final, we decline to reach the issues pertaining to what that regulation should contain. The decision of the district court is affirmed in part and vacated in part.

## BACKGROUND

Juanita Newman is a disabled mother whose sole sources of income since 1983 have been SSI and Social Security Mother's Benefits under the Title II program ("Title II benefits"). Newman's Title II benefits were terminated at the end of July 1987 because her daughter became 16 years old that month. The Commissioner thereafter informed Newman that her SSI benefits would be increased, but that the increase would not become effective until October 1987. Newman thus lost benefits for two months even though her impending loss of Title II benefits due to her daughter's reaching 16 years of age was wholly predictable. This loss resulted from the method by which the Commissioner recalculates SSI benefits when a person's income from another source changes. Under the method employed by the Commissioner, Retrospective Monthly Accounting, SSI payments are computed on the basis of the recipient's income two months prior to the payment month. 42 U.S.C. § 1382(c)(1).[1]

Newman contends that the Social Security Administration's increase of her SSI payments should have been effective July 1, 1987, rather than October 1, 1987, because an exception to Retrospective Monthly Accounting should have applied to her. She relies on 42 U.S.C. § 1382(c), which states:

(4) (A) [I]f the Commissioner of Social Security determines that reliable information is currently available with respect to the income and other circumstances of an individual for a month ..., the benefit amount of such individual under this subchapter for such month may be determined on the basis of such information.

(B) The Commissioner of Social Security shall prescribe by regulation the circumstances in which information with respect to an event may be taken into account pursuant to subparagraph (A) in determining benefit amounts under this subchapter.

This provision is known as the "reliable information" exception.

The district court held that 42 U.S.C. § 1382(c)(4)(B) does require the Commissioner to promulgate a reliable information exception, but declined to evaluate the substance of that regulation. The district court did, however, require the Commissioner to apply the regulation, once promulgated, to Newman and the plaintiff class. The class is defined as:

All otherwise eligible claimants residing in California who have suffered or will suffer a denial or underpayment of Supplemental Security Income benefits as a result of the [Commissioner's] failure or refusal to evaluate and consider, pursuant to 42 U.S.C. § 1382(c)(4), "reliable information currently available with respect to [their] income and other circumstances" for the purposes of determining the amount of benefits payable to them in a given month.

The Commissioner appeals the district court's decision, contending: (1) that the Commissioner is not required to promulgate a reliable information exception regulation; (2) that, if she is required to promulgate a regulation, she has already fulfilled her obligation; (3) that the district court improperly required the Commissioner to issue a regulation with retroactive effect; and (4) that the

---

1. Under 42 U.S.C. § 1382(c)(1), the Commissioner may determine the amount of SSI benefits on the basis of income and other characteristics in either the first or second month prior to the month in which the benefit is paid. The Commissioner has decided to use the second month.

district court erred in certifying a class that is both overinclusive and underinclusive. Newman cross-appeals, arguing that the district court should have required the Commissioner not just to promulgate a regulation, but to promulgate a regulation that applies the reliable information exception to the calculation of benefits in at least some cases.

The district court had subject-matter jurisdiction under 42 U.S.C. § 405(g). This Court has appellate jurisdiction under 28 U.S.C. § 1291.

## ANALYSIS

■ The Commissioner's initial argument is a difficult one to accept.[2] She contends that, when Congress says "the Commissioner shall prescribe by regulation" the circumstances in which reliable information currently available may be taken into account in the current month, the Commissioner has the option of not prescribing the circumstances by such a regulation. We see no reason to read the "shall" of 42 U.S.C. § 1382(c)(4)(B) as being other than mandatory. "Use of the word 'shall' generally indicates a mandatory intent unless a convincing argument to the contrary is made." *Jones v. Shalala*, 5 F.3d 447, 451 (9th Cir.1993) (quoting *City of Edmonds v. United States Dep't of Labor*, 749 F.2d 1419, 1421 (9th Cir.1984)).

Promulgation of a reliable information exception is required despite the permissive language in paragraph (A). Paragraph (A) states that "*if* the Commissioner of Social Security determines that reliable information is currently available ... the benefit amount ... *may* be determined" in the current month. 42 U.S.C. § 1381(c)(4)(A) (emphasis added). The Commissioner argues that, because subparagraph (A) does not *require* her to find that reliable information is currently

available or to use such information to calculate current benefits, she may elect categorically not to do one or the other, and there is then no need for a regulation under subparagraph (B). But a primary purpose of requiring agencies to act by regulation is to prevent *ad hoc* policy determinations. When Congress says that the Commissioner shall prescribe circumstances by regulation, we see no reason why the Commissioner should be entitled to prescribe circumstances by other means. Subparagraph (B) means what it says.

The Commissioner argues that, even if her interpretation of the statute is not the only permissible one, the statute is ambiguous, and her construction is a permissible one to which we must defer. *See Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 842–43, 104 S.Ct. 2778, 2781–82, 81 L.Ed.2d 694 (1984). For reasons already stated, however, we do not find the Commissioner's interpretation to be reasonable or permissible. With the mandatory language in paragraph (B), "Congress has directly spoken to the precise question at issue," and therefore we cannot defer to the Commissioner's contrary interpretation. *See id.* at 842, 104 S.Ct. at 2781.[3]

■ The Commissioner next argues that, if she is required to promulgate a rule regarding the reliable information exception, she has already satisfied her obligation. She points out that the existing regulations on their face require two-month retrospective accounting, with no exception included. 20 C.F.R. § 416.420. But such regulatory silence, in our view, does not fulfill the duty to "*prescribe* by regulation the circumstances" in which information may be taken into account currently. § 1382(c)(4)(B) (emphasis added).

---

2. Whether the Commissioner must promulgate a regulation dealing with the reliable information exception is a question of statutory interpretation, an issue of law that we review de novo. *See Forest Conservation Council v. Rosboro Lumber Co.*, 50 F.3d 781, 783 (9th Cir.1995) (Endangered Species Act).

3. Our holding brings us into conflict with the Sixth Circuit, which held that the meaning of § 1382(c)(4) is ambiguous and that the Commis-

sioner's interpretation is permissible. *Gould v. Shalala*, 30 F.3d 714, 719–21 (6th Cir.1994). In *Gould*, plaintiffs' outside income source was from the Aid to Families with Dependent Children program rather than the Title II program, but this difference does not affect the analysis of § 1382(c)(4). With all respect to the majority of the Sixth Circuit panel in *Gould*, we simply find no ambiguity in that statute's direction to the Commissioner in subparagraph (B).

■ The Commissioner also points to the preamble to her existing regulations, which states that the agency has "not yet determined the best way" to implement the reliable information exception. 50 Fed.Reg. 48563, 48568 (1985). We fail to see how that statement can constitute compliance with a statute requiring the Commissioner to prescribe circumstances in which current information may be used. Finally, the Commissioner argues that a 1991 Federal Register notice made final her determination not to have an exception. 56 Fed.Reg. 14268 (1991). That statement of agency position, however, does not do service for a formal regulation adopted after the requisite notice and comment.[4]

■ Although we hold that the Commissioner must promulgate a regulation prescribing the circumstances in which currently available reliable information may be taken into account, we decline to consider arguments pertaining to the content of that regulation. Only after the Commissioner promulgates a final regulation may the parties challenge its contents. *See* 5 U.S.C. § 704 (providing for judicial review of final agency action); *see also* 5 U.S.C. § 706(2)(a) (regulation may be challenged as arbitrary and capricious). Therefore, we affirm the district court's refusal to reach Newman's argument that the exception must apply in at least some cases.

■ For the same reason, we vacate the portion of the district court's order that requires the Commissioner to apply the regulation, once promulgated, to the plaintiff and the plaintiff class. This portion of the district court's order addresses the effect of the regulation, a matter that should be addressed only after the regulation is final. *See* 5 U.S.C. § 704. Because we vacate this portion of the order, we do not reach the Commissioner's argument that application of the regulation to the plaintiff class would be an impermissible retroactive application of a rule under *Bowen v. Georgetown University Hospital,* 488 U.S. 204, 109 S.Ct. 468, 102 L.Ed.2d 493 (1988). Nor do we reach the argument that the class to which the regulation will be applied is overinclusive or underinclusive.[5] We vacate this portion of the district court's order without prejudice to the renewed consideration of the issues of retroactivity of the regulation, and overinclusiveness or underinclusiveness of the challenging class, after the regulation becomes final.

No. 94–55761 **AFFIRMED IN PART AND VACATED IN PART.**

No. 94–55887 (Cross Appeal) **AFFIRMED.**

---

**4.** In response to an order by the United States District Court for the Southern District of Ohio, Eastern Division, *Gould v. Sullivan,* 819 F.Supp. 685 (S.D.Ohio 1992), the Commissioner began a formal rulemaking concerning the reliable information exception. She proposed a rule stating that "no reliable information exists which is currently available to compute benefits on a current basis." 58 Fed.Reg. 14191, 14193–94 (1993). The Commissioner did not complete the rulemaking because the Sixth Circuit reversed the district court, holding that the Commissioner has discretion not to promulgate a reliable information regulation. *Gould v. Shalala,* 30 F.3d 714, 719–21 (6th Cir.1994).

**5.** The Commissioner argues that the class is over-inclusive because it includes people for whom the district court impermissibly tolled the sixty-day statute of limitations for filing a civil action after a final decision reducing benefits. *See* 42 U.S.C. § 405(g). The Commissioner argues that the class is underinclusive because it excludes from the class those persons who would be harmed by a reliable information exception (*i.e.,* those recipients who acquire new sources of income).