158 F.3d 460
 98 Cal. Daily Op. Serv. 7696, 98 Daily Journal
D.A.R. 10,651
John Carl WEBBER, Jr.; Floyd Smith; Larry Freeman; and
David Allen, Plaintiffs-Appellants,
v.
Joseph CRABTREE, Warden; Dennis H. Gilstrap, FCI Camp
Administrator; and United States Bureau of
Prisons, Defendants-Appellees.
 No. 97-36014.
 United States Court of Appeals,
Ninth Circuit.
 Submitted July 9, 1998.*
Decided Oct. 8, 1998.
 
 John Carl Webber, Jr.; Floyd Smith; Larry Freeman; and David Allen, Sheridan, OR, pro se for plaintiffs-appellants.
 Craig J. Casey, Assistant United States Attorney, Portland, OR, for defendants-appellees.
 Appeal from the United States District Court for the District of Oregon Malcolm F. Marsh, District Judge, Presiding
 Before: REINHARDT, THOMPSON, and LEAVY, Circuit Judges.
 PER CURIAM:
 
 
 1
 John Carl Webber, Jr., Floyd Smith, Larry Freeman, and David Allen, Federal Prison Camp inmates in Sheridan, Oregon, appeal pro se the district court's order granting summary judgment for the prison officials in the inmates' 28 U.S.C. § 1331 claim for equitable relief from a smoking ban instituted at the camp. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review a district court's grant of summary judgment de novo, see Freeman v. Arpaio, 125 F.3d 732, 735 (9th Cir.1997), and we affirm in part and reverse in part.
 
 
 2
 The inmates first argue that they were denied equal protection because Federal Correctional Institution inmates are permitted to buy and use tobacco whereas Federal Prison Camp inmates are not. The inmates, however, are not members of a suspect class. The inmates have also failed to show that smoking is a fundamental right. Thus, to meet the requirements of the Equal Protection Clause, the prison officials must show only that the ban bears a rational relation to a legitimate governmental objective. See Coakley v. Murphy, 884 F.2d 1218, 1221-22 (9th Cir.1989).
 
 
 3
 The prison officials correctly assert that the Bureau of Prisons has a legitimate objective of protecting the health and safety of inmates and staff by providing a clean air environment. See 28 C.F.R. § 551.160 (1997); cf. Helling v. McKinney, 509 U.S. 25, 35, 113 S.Ct. 2475, 125 L.Ed.2d 22 (1993) (prisoner's allegation of exposure to secondhand smoke may state a cause of action under the Eighth Amendment). The district court, therefore, did not err by finding that the smoking ban is rationally related to this legitimate governmental objective. See Coakley, 884 F.2d at 1221-22.
 
 
 4
 The inmates next argue that the prison regulations do not grant the warden discretion to ban all smoking. We agree. The regulations require the warden to identify outdoor smoking areas:
 
 
 5
 At all medical referral centers, including housing units, and at minimum security institutions, including satellite camps and intensive confinement centers, the Warden shall identify "smoking areas," ordinarily outside of all buildings and away from all entrances so as not to expose others to second-hand smoke.
 
 
 6
 28 C.F.R. § 551.163(a) (emphasis added). The district court found that the regulations gave the warden discretion to designate smoking areas. The regulations, however, require the warden to identify outdoor areas, and leave the warden no discretion to refuse to do so. See id.[1]
 
 
 7
 The Director of the Bureau of Prisons has been delegated the authority to promulgate rules that govern the control and management of federal prisons. See 28 C.F.R. § 0.96(p). Although we accord a high degree of deference to an agency's interpretation of its own regulation, that interpretation cannot be upheld if it is plainly erroneous or inconsistent with the regulation. See United States v. Larionoff, 431 U.S. 864, 872, 97 S.Ct. 2150, 53 L.Ed.2d 48 (1977); Nigro v. Sullivan, 40 F.3d 990, 996 (9th Cir.1994).
 
 
 8
 Section 551.163 mandates that the warden "shall identify" smoking areas. See 28 C.F.R. § 551.163(a). The Bureau's own interpretation of "shall" indicates an intent that it be treated as mandatory: "Shall means an obligation is imposed." See 28 C.F.R. § 500.1(e); Newman v. Chater, 87 F.3d 358, 361 (9th Cir.1996) ("shall" generally indicates a mandatory intent unless a convincing argument to the contrary is made). In these circumstances, we conclude that the warden's smoking ban is inconsistent with the regulation. See Nigro, 40 F.3d at 996.
 
 
 9
 Pursuant to 28 C.F.R. § 551.163(a), the warden must identify outdoor smoking areas to accommodate the prisoners housed at the prison camp.[2]
 
 
 10
 AFFIRMED IN PART; REVERSED IN PART.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 [1]
 The district court's interpretation of the regulation is undercut by section 551.163(b), which also states that the warden "shall identify" outdoor smoking areas and "may, but is not required to, designate a limited number of indoor smoking areas." See 28 C.F.R. § 551.163(b)
 
 
 [2]
 Because we conclude that the warden's creation of a smoking ban violates the plain language of section 551.163 and requires a reversal, we do not address the inmates' contentions that denial of class certification and failure to appoint counsel constitute reversible error