## Andre B. YOUNG, Plaintiff–Appellant,

v.

## Mark SELING; et al., Defendants– Appellees.

No. 01–35146.

D.C. No. CV–99–05490–FDB.

United States Court of Appeals, Ninth Circuit.

Submitted March 11, 2002.*

Decided March 20, 2002.

Appeal from the United States District Court for the Western District of Washington, Franklin D. Burgess, District Judge, Presiding.

Before CANBY, BEEZER, and PAEZ, Circuit Judges.

MEMORANDUM **

Andre B. Young, who is civilly committed as a violent sexual predator at the Special Commitment Center ("SCC"), appeals pro se the district court's summary judgment in favor of defendants in his 42 U.S.C. § 1983 action. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review summary judgment de novo, *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000) (en banc), and we affirm.

The district court correctly granted summary judgment on Young's conditions of confinement and mental healthcare treatment claims because a continuing federal injunction already provides redress for those claims. *See Crawford v. Bell*, 599 F.2d 890, 892–93 (9th Cir.1979).

The district court correctly granted summary judgment as to Young's equal protection claim because the SCC demonstrated that a rational relationship exists between the wearing of identification badges by SCC residents and staff and the legitimate governmental objective of maintaining security at the facility. *See Webber v. Crabtree*, 158 F.3d 460, 461 (9th Cir.1998) (per curiam).

Young's claim of inadequate exercise fails because the uncontroverted evidence demonstrated that the SCC offered him alternative venues for outside exercise while the "Big Yard" was closed. *See LeMaire v. Maass*, 12 F.3d 1444, 1458 (9th Cir.1993).

Young's access to the courts claim fails because he did not show that he suffered any actual injury when the SCC refused to mail certain letters and parcels to his Chilean lawyers at state expense. *See Lewis v. Casey*, 518 U.S. 343, 351, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996).

The district court properly granted summary judgment on Young's Eighth Amendment claim because he failed to show that he was being exposed to unreasonably high levels of environmental tobacco smoke. *See Helling v. McKinney*, 509 U.S. 25, 35–36, 113 S.Ct. 2475, 125 L.Ed.2d 22 (1993).

The district court properly concluded that the SCC officials were entitled to qualified immunity on Young's claim that SCC officials conducted unconstitutional strip and pat searches. *See Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982).

The district court properly granted summary judgment on Young's claim that he was deprived of a diet consistent with the Baha'i Faith because Young requested, and the SCC provided him with, a Seventh Day Adventist diet. *Cf. Keenan v. Hall*, 83 F.3d 1083, 1091, 1092 (9th Cir.1996), *amended by* 135 F.3d 1318 (9th Cir.1998).

Young lacks standing to challenge the SCC's policies and procedures for prescreening visitors to the SCC. *See Thomas v. Anchorage Equal Rights Comm'n*, 220 F.3d 1134, 1139 n. 3 (9th Cir.2000) (en

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

banc), *cert. denied,* 531 U.S. 1143, 121 S.Ct. 1078, 148 L.Ed.2d 955 (2001).

We lack jurisdiction to review Young's claim that the SCC unconstitutionally restricted his access to certain videotapes because he voluntarily dismissed that claim without prejudice. *See Concha v. London,* 62 F.3d 1493, 1507 (9th Cir.1995). We also lack jurisdiction to review the district court's order denying Young's request for class certification because Young did not file objections the Magistrate Judge's Report and Recommendation. *See Simpson v. Lear Astronics Corp.,* 77 F.3d 1170, 1174 & n. 1 (9th Cir.1996).

We decline to consider Young's contentions that he was unconstitutionally deprived conjugal and family visitation and procedural due process because he did not raise them below. *See A–1 Ambulance Serv., Inc. v. County of Monterey,* 90 F.3d 333, 338–39 (9th Cir.1996).

We deny Young's request for the appointment of counsel.

AFFIRMED.

[***] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.