Ingmar R. EKMANIS, Plaintiff—
Appellant,

v.

Terry STEWART, Director sued in his
individual & official capacity,
Defendant—Appellee,

and

Bobby Gilbert, CO III sued in his
individual & official capacity;
et al., Defendants.

No. 02–16284.

D.C. No. CV–00–00298–FJM.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 10, 2003.*

Decided Feb. 13, 2003.

Before LEAVY, FERNANDEZ, and
BERZON, Circuit Judges.

## MEMORANDUM **

Ingmar R. Ekmanis, an Arizona state
prisoner, appeals pro se the district court's
summary judgment dismissing his consti-
tutional challenge to Arizona's statutory
scheme that allows inmates serving con-
secutive sentences for offenses committed
before January 1, 1994 to take advantage
only of earned release credits accumulated
during the last of their consecutive sen-
tences. We have jurisdiction under 28
U.S.C. § 1291. After de novo review,

*Webber v. Crabtree*, 158 F.3d 460, 461 (9th
Cir.1998) (per curiam), we affirm.

This court has held that no equal protec-
tion or due process violation arises from
sentencing one group of prisoners under
one statutory scheme and sentencing a
later group of prisoners under a different
statutory scheme. *See McQueary v. Blod-
gett*, 924 F.2d 829, 833–34 (9th Cir.1991).
Accordingly, the district court properly
granted summary judgment on Ekmanis's
claim that it is unconstitutional to apply
the pre–1993 version of ARIZ.REV.STAT.
§ 41–1604.07—renumbered in 1993 as
§ 41–1604.10—to prisoners who committed
their offenses before January 1, 1994, and
the current version of ARIZ.REV.STAT. § 41–
1604.07 to prisoners who committed of-
fenses on or after January 1, 1994.

The district court also properly granted
summary judgment on Ekmanis's claim
that it violates equal protection and due
process to treat prisoners serving concur-
rent sentences differently from those serv-
ing consecutive sentences. *See Miller v.
Albright*, 523 U.S. 420, 433–45, 118 S.Ct.
1428, 140 L.Ed.2d 575 (1998) (rejecting
equal protection claim because the chal-
lenged classes were not similarly situated);
*Wolff v. McDonnell*, 418 U.S. 539, 557, 94
S.Ct. 2963, 41 L.Ed.2d 935 (1974) (holding
that there is no constitutional right to
good-time credits).

We do not consider the district court's
dismissal of Ekmanis's remaining causes of
action because he does not challenge those
rulings on appeal. *See Miller v. Fairchild
Indus., Inc.*, 797 F.2d 727, 738 (9th Cir.
1986) ("Court of Appeals will not ordinarily
consider matters on appeal that are not

---

* This panel unanimously finds this case suit-
able for decision without oral argument. *See*
Fed. R.App. P. 34(a)(2). Accordingly, we
deny Ekmanis's request for oral argument.

specifically and distinctly argued in appellant's opening brief").

AFFIRMED.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.