F I L E D
**United States Court of Appeals**
**Tenth Circuit**

**February 10, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

PETER P. MAUCHLIN,

      Plaintiff-Appellant,

v.

ROBERT A. HOOD, Warden; R.
MADISON, Correctional Counselor;
N. FIELDS, Adm. Remedy
Coordinator; MICHAEL K. NALLEY,
Regional Director; HARRELL
WATTS, Adm. of National Appeals
(Adm. Remedy's [sic]),

      Defendants-Appellees.

No. 05-1388

(D.C. No. 05-CV-1042-ZLW)

(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **HENRY**, **McKAY,** and **EBEL**, Circuit Judges.

---

After examining the briefs and the appellate record, this panel has

determined unanimously that oral argument would not materially assist the

determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).

The case is therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Appellant is in the custody of the United States Bureau of Prisons and is currently incarcerated in Florence, Colorado. He filed a pro se prisoner complaint pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, and 28 U.S.C. § 1331. The district court granted him leave to proceed pursuant to 28 U.S.C. § 1915. Appellant alleged that the complete ban on the sale, use, and possession of all tobacco products by Bureau of Prisons officials violated the Ninth Circuit's decision in *Webber v. Crabtree*, 158 F.3d 460 (1998), the Supreme Court's decision in *Wolff v. McDonnell*, 418 U.S. 539 (1974), and the Code of Federal Regulations (C.F.R.) § 551 163(a). The district court, in dismissing Appellant's complaint, noted that

> [p]laintiff's reliance on *Webber* and *Wolff* [is] misplaced. Further the Court finds no section under the C.F.R. that is referenced as § 551 163(a). Nonetheless, inmates have no constitutional right to smoke in prison, *see Beauchamp v. Sullivan*, 21 F.3d 789, 790 (7th Cir. 1994); *see also Doughty v. B[d.] of County Comm'rs*, 731 F. Supp. 423, 426 (D. Colo. 1989).

Order and Judgment of Dismissal, 2 (July 15, 2005, D. Colo.). *See also Jackson v. Burns*, No. 95-3359, 1996 WL 362739, at *3 (10th Cir. June 28, 1996).

The district court dismissed Appellant's complaint, as it is required to do, *sua sponte*, under 28 U.S.C. § 1915(e)(2)(B) if at any time the action is determined to be legally frivolous. In addition, the district court issued an order denying Appellant's leave to proceed on appeal, stating that "[p]ursuant to 28 U.S.C. § 1915(a)(3), the court finds that this appeal is not taken in good faith

because plaintiff has not shown the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." Order Denying Leave to Proceed on Appeal Pursuant to 28 U.S.C. § 1915 and Fed. R. App. P. 24 (Sept. 14, 2005, D. Colo.). While we have not yet determined whether the standard of review of an order denying leave to appeal under § 1915 is de novo or abuse of discretion, we would reach the same decision under either standard in this case and affirm the district court's denial of leave to appeal. *See Plunk v. Givens*, 234 F.3d 1128, 1130 (10th Cir. 2000).

Appellant's motion to proceed without prepayment of fees is granted. Appellant is reminded that he must continue making partial payments until the filing fee is paid in full.

We have carefully reviewed the briefs of Appellant, the district court's disposition, and the record on appeal. We are in accord with the district court's dismissal and its denial of leave to appeal, and for substantially the same reasons set forth by the district court in its Order and Judgment of Dismissal of July 15, 2005, we **AFFIRM** the district court's dismissal of Appellant's complaint as legally frivolous.

Entered for the Court


Monroe G. McKay
Circuit Judge

-3-