**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TOVIA LAFAELE, | No. 09-15338 |
| Plaintiff - Appellant, | D.C. No. 2:06-CV-01049-FCD-DAD |
| v. | |
| ARNOLD SCHWARZENEGGER, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Frank C. Damrell, Jr., District Judge, Presiding

Submitted February 16, 2010[**]

Before:     FERNANDEZ, GOULD, and M. SMITH, Circuit Judges.

Tovia LaFaele, a California state prisoner, appeals pro se from the district

court's judgment dismissing his 42 U.S.C. § 1983 action challenging the ban on

the use of tobacco products by inmates in California state prisons.  We have

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 28 U.S.C. § 1291. We review de novo, *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000), and we affirm.

The district court properly dismissed the Eighth Amendment claim because LaFaele did not allege facts indicating that defendant was deliberately indifferent to a serious medical need. *See Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (stating that a defendant acts with deliberate indifference only if he knows of and disregards an excessive risk to inmate health and safety).

The district court properly dismissed the due process claim because LaFaele did not allege facts showing that the ban on tobacco use imposed an "atypical and significant hardship on [him] in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995).

The district court properly dismissed the equal protection claim because LaFaele is not a member of a suspect class, LaFaele has not shown that tobacco use is a fundamental right, and LaFaele's complaint indicates that the ban on tobacco use bears a rational relation to legitimate governmental objectives. *See Webber v. Crabtree*, 158 F.3d 460, 461 (9th Cir. 1998) (per curiam).

**AFFIRMED.**