NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 3 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RONALD R. SANTOS,<br><br>　　　　　Plaintiff-Appellant,<br><br>　v.<br><br>RENEE BAKER, Warden; et al.,<br><br>　　　　　Defendants-Appellees. | No. 14-17230<br><br>D.C. No. 3:14-cv-00386-RCJ-VPC<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
Robert Clive Jones, District Judge, Presiding

Submitted February 14, 2017[**]

Before:　　GOODWIN, FARRIS, and FERNANDEZ, Circuit Judges.

Ronald Santos, a Nevada state prisoner, appeals pro se from the district

court's judgment dismissing his 42 U.S.C. § 1983 action alleging due process and

equal protection claims. We have jurisdiction under 28 U.S.C. § 1291. We review

de novo a dismissal under 28 U.S.C. § 1915A. *Hamilton v. Brown*, 630 F.3d 889,

---

　　[*]　　This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

　　[**]　　The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

892 (9th Cir. 2011). We affirm.

The district court properly dismissed Santos's equal protection claim set forth in Count II because Santos failed to allege facts sufficient to show that he was treated differently from similarly situated individuals, or discriminated against based on his membership in a protected class without rational basis. *See Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (elements of an equal protection "class of one" claim); *Barren v. Harrington*, 152 F.3d 1193, 1194-95 (9th Cir. 1998) (elements of a § 1983 equal protection claim); *see also Cousins v. Lockyer*, 568 F.3d 1063, 1070 (9th Cir. 2009) (failure to follow internal state prison policies does not rise to the level of a federal constitutional violation).

The district court properly dismissed Santos's equal protection claim challenging the ban on the use of tobacco products set forth in Count III because Santos failed to allege facts sufficient to show that he is a member of a suspect class, that tobacco use is a fundamental right, or that the ban does not bear a rational relation to legitimate governmental objectives. *See Webber v. Crabtree*, 158 F.3d 460, 461 (9th Cir. 1998) (discussing equal protection claim based on smoking ban).

The district court did not abuse its discretion in dismissing without leave to

amend Santos's due process claim set forth in Count I because amendment would be futile. *United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011) (setting forth standard of review and explaining that leave to amend may be denied if amendment would be futile).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Santos's requests, set forth in his reply brief, are denied.

**AFFIRMED.**