NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 19 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ALBERT PETE VEENSTRA III; WILLIAM JERMAINE FLETCHER, Plaintiffs-Appellants, v. IDAHO STATE BOARD OF CORRECTION, Executive Department of the State of Idaho; et al., Defendants-Appellees. | No. 17-35952 D.C. No. 1:15-cv-00270-EJL MEMORANDUM* |

Appeal from the United States District Court
for the District of Idaho
Edward J. Lodge, District Judge, Presiding

Argued and Submitted November 5, 2019
Seattle, Washington

Before: GOULD and NGUYEN, Circuit Judges, and R. COLLINS,** District Judge.

Albert Pete Veenstra III and William Jermaine Fletcher appeal the district

court's grant of summary judgment and denial of appointment of counsel. We have

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Raner C. Collins, United States District Judge for the District of Arizona, sitting by designation.

jurisdiction under 28 U.S.C. §1291. Reviewing the grant of summary judgment de novo, *see Gravelet-Blondin v. Shelton*, 728 F.3d 1086, 1090 (9th Cir. 2013), we affirm.

Appellants were originally housed at Idaho State Correctional Institution ("ISCI"). ISCI was the subject of an extended class action lawsuit. *See Balla v. Idaho State Bd. of Corr.*, 119 F. Supp. 3d 1271 (D. Idaho 2015). During a court-ordered ISCI evaluation, staff fabricated, modified, and shredded inmates' medical records. *Id.* at 1277-80. The district court sanctioned the Idaho State Board of Correction for undermining the evaluation and required monitoring under terms set forth in the Modified Compliance Plans. *Id.* at 1284. As a result, inmates housed at ISCI were permitted access to their medical records.

Appellants were transferred to the Idaho State Correctional Center ("ISCC") where they no longer had access to their medical records. Appellants filed a lawsuit in the United States District Court for the District of Idaho alleging that the Idaho Department of Correction's policy generally prohibiting inmates from viewing their medical records—but allowing access for inmates housed at ISCI— violated Appellants' due process and equal protection rights. The district court granted Appellees' converted motion for summary judgment on Appellants' equal

protection claim,[1] determining that allowing only ISCI inmates to access their records was reasonably related to an interest in settling the *Balla* litigation over prison conditions.

The district court's determination was not in error. Equal Protection under the Fourteenth Amendment fundamentally requires "that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985). However, inmates are not a protected class. *Webber v. Crabtree*, 158 F.3d 460, 461 (9th Cir. 1998). Therefore, a prison policy treating an inmate differently from similarly situated inmates is subject to rational basis review; that is, a policy is constitutional if it is rationally related to a legitimate state interest. *Id.* A state may have a compelling interest in complying with the Constitution, and a legitimate interest in avoiding possible legal liability. *Walker v. Beard*, 789 F.3d 1125, 1136, 1138 (9th Cir. 2015).

Here, maintaining an open medical records policy at ISCI is rationally related to the Idaho Department of Correction's legitimate interest in avoiding future constitutional violations. This measure encourages transparency and the correction of the constitutional violations that led to sanctions.

---

[1] Appellants do not appeal the grant of summary judgment on their due process claim.

In addition, permitting access to medical records at ISCI is a legitimate means to promote settlement and limit further legal liability. The open medical records policy was the result of "intense settlement negotiations" to "address healthcare-related problems at the prison." *Balla*, 119 F. Supp. 3d at 1283. Allowing access to medical records permits inmates at ISCI to confirm that their medical information is accurate, in turn preventing further litigation about possible misconduct.

Because Appellants' claims have no merit, we need not reach the question of the district court's denial of appointment of counsel.

**AFFIRMED.**