**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUL 14 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

LESLIE GREY VANAMAN,

Plaintiff-Appellant,

v.

CHRISTOPHER MARLOW, Special
Investigative Services Lieutenant at USP
Tucson; R. L. RHODES, Warden;
THERESA TALPELCIDO, Compound
Attorney at USP Tucson; MITCHELL,
Unknown; legal assistant to Ms.
Talpelcido at USP Tucson; HAYDEN,
Unknown; Dr. Hayden, SOMP
Psychologist at USP Tucson; SILVA,
Unknown; Lieutenant who directs officers
at USP Tucson; LAWSON, Unknown;
Lieutenant who directs officers at USP
Tucson; VELASQUEZ, Unknown; Unit
Officer at USP Tucson; FLORES,
Unknown; F-Unit Counselor at USP
Tucson; SAYERS, Unknown; SIA
(Special Investigative agent) in his official
and individual capacity at USP Tucson;
UNITED STATES OF AMERICA;
FEDERAL BUREAU OF PRISONS;
UNKNOWN PARTIES, Unknown BOP
Staff, in their official capacities at USP

No.   21-15645

D.C. No. 4:16-cv-00781-JCH

MEMORANDUM[*]

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Tucson,

Defendants-Appellees.

Appeal from the United States District Court
for the District of Arizona
John Charles Hinderaker, District Judge, Presiding

Submitted July 13, 2022 **

Before: WALLACE, FERNANDEZ, and SILVERMAN, Circuit Judges

Leslie Vanaman, an inmate at the United States Penitentiary Tucson, appeals from the district court's order granting summary judgment in favor of the defendants in his action arising out of the prison's seizure of a packet of materials containing a previously seized magazine and other pictures determined to be risk-relevant to Vanaman in light of his conviction and contraband that could be traded, shared with, or sold to other offenders. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, *Wood v. Beauclair*, 692 F.3d 1041, 1045 (9th Cir. 2012), and affirm.

Vanaman's facial challenges to Complex Supplement TCX 5324.10B are moot because the policy is no longer in effect. *See Doe No. 1 v. Reed*, 697 F.3d

---

** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

1235, 1238 (9th Cir. 2012) (a case becomes moot when "no effective relief remains available").

Summary judgment was proper for the defendants on the remaining claims because the defendants made an individualized assessment that the seized materials were risk-relevant to Vanaman's conviction and could hinder his rehabilitation. In addition, those materials could be traded or sold, interfering with the rehabilitation of other inmates and causing security risks. *See Thornburgh v. Abbott*, 490 U.S. 401, 413 (1989) (holding that seizure of incoming publications is valid under the First Amendment if the seizure is "reasonably related to legitimate penological interests"); *Pell v. Procunier*, 417 U.S. 817, 823 (1974) (explaining that legitimate penological interests include rehabilitation and internal security); *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (requiring that a plaintiff claiming First Amendment retaliation establish that "the action did not reasonably advance a legitimate correctional goal"); *Webber v. Crabtree*, 158 F.3d 460, 461 (9th Cir. 1998) (setting forth the equal protection standard).

Vanaman has not established that he was prejudiced by the denial of his request for additional discovery. *Laub v. U.S. Dep't of Interior*, 342 F.3d 1080, 1093 (9th Cir. 2003) (requiring that the party make "the clearest showing" that

"there is a reasonable probability that the outcome would have been different had discovery been allowed").

Finally, the district court did not abuse its discretion by denying Vanaman's request for a permanent injunction allowing him access to the seized materials. *Edmo v. Corizon, Inc.*, 935 F.3d 757, 784 n.13 (9th Cir. 2019) (holding that a party must succeed on the merits of his claims to obtain a permanent injunction).

Appellant's motion to supplement (Dkt. Entry No. 12) is DENIED. Appellant's "Judicial Notice and Motion to Amend Opening Brief" (Dkt. Entry No. 25) is GRANTED. The Clerk shall strike the amended opening brief (Dkt. Entry No. 16) and file the second amended opening brief (Dkt. Entry No. 26).

**AFFIRMED.**