Thomas William ABNEY, CDC
# P–82196, Plaintiff,

v.

Edward S. ALAMEIDA,[1] Defendant.

No. CIV.02CV2136–BEN PCL.

United States District Court,
S.D. California.

Aug. 20, 2004.

1. Plaintiff incorrectly identified the Defendant in the Complaint as "Edward K. Alameida." The Defendant used his correct middle initial "S" in his Motion to Dismiss, and the Court will likewise adopt the correct spelling. The Clerk of the Court is directed to correct the docket accordingly.

Thomas William Abney, Calipatria, CA, pro se.

G. Michael German, Attorney General, Office of the Attorney General, San Diego, CA, for Defendant.

**ORDER:**

**(1) GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS PURSUANT TO FED.R.CIV.P. 12(b)(6) [Doc. No. 13–1];**

**(2) DENYING DEFENDANT'S MOTION TO STRIKE PURSUANT TO FED.R.CIV.P. 12(f) [Doc. No. 13–2];**

**(3) DENYING PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT [Doc. No. 18]; AND**

**(4) DISMISSING COMPLAINT WITH PREJUDICE**

BENITEZ, District Judge.

Thomas William Abney (hereinafter "Plaintiff"), is a state prisoner proceeding

pro se with a civil rights Complaint pursuant to 42 U.S.C. § 1983. (Doc. No. 1.) Currently pending before the Court is a Motion to Dismiss the Complaint pursuant to FED.R.CIV.P. 12(b)(6), and a Motion to Strike the prayer for punitive damages in the Complaint pursuant to FED.R.CIV.P. 12(f), both filed on behalf Edward S. Alameida, the former Director of the California Department of Corrections ("CDC"), and the sole Defendant named in this action. (Doc. Nos. 13–15.) Plaintiff has filed an Opposition to both Motions (Doc. Nos. 22–23), and Defendant has filed a Waiver of Reply to Plaintiff's Opposition (Doc. No. 26). Also pending before the Court is Plaintiff's Motion for Entry of Default Judgment. (Doc. Nos. 18–21.) Defendant has filed an Opposition to Plaintiff's Motion. (Doc. No. 25.)

All Motions were taken under submission without oral argument pursuant to So. DIST. CA LOCAL CIV. RULE 7.1(d)(1), and are now ready for disposition.[2] For the following reasons, the Court **GRANTS** in part and **DENIES** in part Defendant's Motion to Dismiss, **DENIES** Defendant's Motion to Strike, **DENIES** Plaintiff's Motion for Entry of Default Judgment, **DECLINES** to exercise supplemental jurisdiction over Plaintiff's state law claims, and **DISMISSES** this action in its entirety with prejudice.

## I. Factual Background

Plaintiff alleges that victim restitution fines of $1000 and $1602.93 were entered against him by the sentencing court pursuant to California Penal Code §§ 1202.4(b) & 2085.5 as part of the judgment of conviction in his criminal case. (Compl. at 2–5.)

Plaintiff alleges that upon being taken into the custody of the CDC he authorized Defendant Alameida to open and maintain a prison trust account on Plaintiff's behalf, which in turn established a trust relationship between Plaintiff and Defendant. (*Id.*) Plaintiff alleges that Defendant Alameida immediately began deducting twenty-two percent from all money orders sent to Plaintiff by his family before depositing the remainder of the funds into the prison trust account; twenty percent of the deduction was applied to pay the restitution fines, and two percent represented an administrative fee. (*Id.* at 3.)

Plaintiff contends that Defendant's actions constituted a violation of his rights under the Fifth Amendment's Takings Clause and the Fourteenth Amendment's Equal Protection Clause. (*Id.* at 2.) Under a liberal construction of the Complaint, Plaintiff also appears to allege violations of his due process rights under the Fifth and Fourteenth Amendments, violations of state law predicated upon a breach of the fiduciary duty between Defendant and Plaintiff, and violations of state laws and regulations regarding administration of his prison trust account. (*Id.* at 3–4, 6–7.) Plaintiff requests compensatory and punitive damages, as well as an injunction preventing Defendant from continuing to make the deductions complained of and from imposing an additional $3.00 fee required by state law. (*Id.* at 8–9.)

In his Motion for Entry of Default Judgment, Plaintiff requests entry of default judgment on the basis that Defendant filed the Motion to Dismiss one day late. (*See* Memorandum of Points and Authorities in Support of Plaintiff's Motion for Entry of

---

**2.** While this case was randomly referred upon filing to a Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) for disposition, the Court has determined that a Report and Recommendation regarding the disposition of this action is unnecessary. *See* So. DIST. CA LOCAL CIV. RULE 72.1(d) (designating to the District's Magistrate Judges any and all duties specified in the rules governing proceedings under § 2254, "(u)nless the district judge chooses to retain a case.").

Default Judgment ["Pl.'s Motion"], Doc. No. 19, at 2–4.) Defendant admits his Motion to Dismiss was filed one day late, but contends the interests of justice do not favor entry of default judgment. (Defendant's Opposition to Plaintiff's Motion for Default Judgment ["Def.'s Opp."], Doc. No. 25, at 2–3.)

## II. Defendant's FED.R.CIV.P. 12(b)(6) Motion to Dismiss.

Defendant seeks dismissal of Plaintiff's Complaint on the grounds that: (1) Plaintiff's allegations are insufficient to establish personal actions by Defendant Alameida; (2) Plaintiff's Fifth Amendment rights were not violated; (3) Plaintiff's Fourteenth Amendment rights to due process or equal protection were not violated; (4) Plaintiff's claims are barred by *Heck v. Humphrey,* 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994); (5) Plaintiff's claims are barred by the intent of the Prison Litigation Reform Act of 1995; and (6) Defendant is entitled to qualified immunity.

### A. Applicable Legal Standards.

A Rule 12(b)(6) motion tests the legal sufficiency of a claim. *Navarro v. Block,* 250 F.3d 729, 732 (9th Cir.2001). A compliant "should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Cahill v. Liberty Mut. Ins. Co.,* 80 F.3d 336, 338 (9th Cir.1996). In deciding such a motion, all material factual allegations of the complaint are accepted as true, as well as all reasonable inferences to be drawn from them. *Cahill,* 80 F.3d at 338. Dismissal is proper only where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory. *Navarro,* 250 F.3d at 732 (citing *Balistreri v. Pacifica Police*

*Dep't,* 901 F.2d 696, 699 (9th Cir.1988)). When resolving a motion to dismiss for failure to state a claim, the court may not generally consider materials outside the pleadings. *Schneider v. California Dep't of Corrections,* 151 F.3d 1194, 1197 n. 1 (9th Cir.1998) ("The focus of any Rule 12(b)(6) dismissal ... is the complaint.").

▬ Finally, where a plaintiff appears in propria persona in a civil rights case, the Court must also be careful to construe the pleadings liberally and afford plaintiff any benefit of the doubt. *See Karim–Panahi v. Los Angeles Police Dept.,* 839 F.2d 621, 623 (9th Cir.1988); *Bretz v. Kelman,* 773 F.2d 1026, 1027 n. 1 (9th Cir.1985) (en banc). The rule of liberal construction is "particularly important in civil rights cases." *Ferdik v. Bonzelet,* 963 F.2d 1258, 1261 (9th Cir.1992); *Noll v. Carlson,* 809 F.2d 1446, 1448 (9th Cir.1987) ("Presumably unskilled in the law, the pro se litigant is far more prone to making errors in pleading than the person who benefits from the representation of counsel.").

▬ In giving liberal interpretation to a pro se civil rights complaint, however, a court "may not supply essential elements of the claim that were not initially pled." *Ivey v. Bd. of Regents of the University of Alaska,* 673 F.2d 266, 268 (9th Cir.1982). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss." *Id.; see also Sherman v. Yakahi,* 549 F.2d 1287, 1290 (9th Cir.1977) ("Conclusory allegations, unsupported by facts, [will be] rejected as insufficient to state a claim under the Civil Rights Act."). Thus, at a minimum, even the pro se "plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support [his] claim." *Jones v. Community Redevelopment Agency,* 733 F.2d 646, 649 (9th Cir. 1984) (internal quotation marks omitted).

## B. Personal Participation by Defendant Alameida.

Defendant Alameida contends the Complaint should be dismissed because it fails to allege he engaged in any personal acts or omissions which caused the alleged constitutional deprivation. (Memorandum of Points and Authorities in Support of Motion to Dismiss ["MTD"], Doc. No. 14, at 4–6.) Specifically, Defendant contends that a supervisory official may be held liable under 42 U.S.C. § 1983 only upon showing that he was personally involved in the alleged deprivation or if there is a sufficient causal connection to the alleged constitutional violation. (*Id.* at 4.) Defendant also contends that Plaintiff may not maintain a cause of action based on an alleged unconstitutional policy because the Complaint lacks factual allegations that Defendant Alameida implemented such a policy. (*Id.* at 5.)

A person deprives another "of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which [the plaintiff complains]." *Johnson v. Duffy,* 588 F.2d 740, 743 (9th Cir.1978). "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." *Leer v. Murphy,* 844 F.2d 628, 633 (9th Cir.1988).

Plaintiff alleges that Defendant Alameida was the Director of the CDC when Plaintiff was taken into custody by the CDC. (Compl. at 2.) Plaintiff alleges that he completed a CDC Form 345 titled "Authorization for the Director to Maintain a Trust Account," which authorized the Director of the CDC to establish and maintain a prison trust account on Plaintiff's behalf. (*Id.* at 2–3.) Plaintiff alleges that Defendant Alameida willingly entered into a trust/trustee relationship with Plaintiff, thereby taking on certain duties which California law imposes upon trustees, as well as certain statutory duties imposed upon the Director of the CDC in particular. (*Id.* at 3.) Plaintiff also alleges that he disputed the Defendant's actions through the prison grievance procedures, ending in rejection of his challenge at the Director's Level of Review. (*Id.* at 8.)

Plaintiff has satisfied the requirement that he set forth specific factual allegations regarding personal participation by Defendant Alameida in the alleged constitutional violations. These allegations include the nature and extent of Defendant's statutory duties which require actions be taken by the Director, the authorization of the Director of the CDC to establish and maintain a trust account, which was necessary if Plaintiff wished to have funds available to him at the prison, the trust/trustee relationship allegedly created between Plaintiff and Defendant, and the denial of Plaintiff's grievance at the Director's level of review. At the very least, reading the Complaint liberally, it can be inferred that Defendant was either responsible for, or aware of, the alleged constitutional deprivation, and did nothing to prevent it. These allegations are sufficient to satisfy the personal participation pleading requirement of a section 1983 claim. *Duffy,* 588 F.2d at 743 (allegations are sufficient if they allege a defendant performed or failed to perform an act he was legally required to do which caused the violation); *Kentucky v. Graham,* 473 U.S. 159, 166, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985) (stating that although more is required in an official liability suit, liability in a personal capacity suit can be satisfied by showing the official caused the alleged constitutional injury).[3]

3. The Complaint names Alameida in both his official and individual capacities. However,

Therefore, Defendant's Motion to Dismiss pursuant to FED.R.CIV.P. 12(b)(6) on the basis that the Complaint fails to allege personal acts or omissions by the Defendant is **DENIED**.

### C. Fifth Amendment Takings Clause.

Defendant contends the Complaint fails to state a claim for deprivation of Plaintiff's Fifth Amendment rights. Specifically, Defendant contends that although Plaintiff had a legitimate property interest in the monies sent to him, that interest is outweighed by the interests of the state in providing restitution to the victims of crime, and therefore Plaintiff has not alleged that the deduction went beyond legitimate regulation to the point of becoming a taking. (MTD at 6–7.)

The Fifth Amendment provides, among other things, that: "No person shall ... be deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use, without just compensation." U.S. CONST. AMEND. V. In order to state a claim under the Takings Clause[4] of the Fifth Amendment, Plaintiff must first establish that he possesses a constitutionally protected interest in the property taken. *McIntyre v. Bayer,* 339 F.3d 1097, 1099 (9th Cir.2003). Defendant admits that Plaintiff has a protected property interest in the monies gifted to him by his family (MTD at 7), and does not dispute Plaintiff's allegation that the monies were taken for public use, namely restitution to the victims of crime.

The Fifth Amendment on its face applies only to the federal government. However, the Takings Clause of the Fifth Amendment was the first of the protections of the Bill of Rights to be "incorporated" into the Due Process Clause of the Fourteenth Amendment, *Chicago Burlington & Quincy Railroad Co. v. City of Chicago,* 166 U.S. 226, 17 S.Ct. 581, 41 L.Ed. 979 (1897), and is therefore applicable to the states. *Dolan v. City of Tigard,* 512 U.S. 374, 384 n. 5, 114 S.Ct. 2309, 129 L.Ed.2d 304 (1994). The incorporated Takings Clause has been applied to two types of governmental action, the taking of physical possession or control of property for public use, and regulations prohibiting private use of property. *Tahoe–Sierra Preservation Council, Inc. v. Tahoe Regional Planning Agency,* 535 U.S. 302, 321–22, 122 S.Ct. 1465, 152 L.Ed.2d 517 (2002).

With respect to the two percent administration fee taken pursuant to state regulations, Plaintiff has not stated a section 1983 claim for a violation of the Takings Clause. "[A] reasonable user fee is not a taking if it is imposed for the reimbursement of the cost of government services." *United States v. Sperry Corp.,* 493 U.S. 52, 63, 110 S.Ct. 387, 107 L.Ed.2d 290 (1989); *Vance v. Barrett,* 345 F.3d 1083, 1089 (9th Cir.2003) (charge for creation and maintenance of prison trust account does not constitute a taking under *Sperry* absent allegation that fee is excessive). Even assuming Plaintiff could amend his Complaint to allege that the two percent fee is excessive or that *Sperry* does not

---

Plaintiff's motion to withdraw his claims against Alameida in his official capacity was granted, and Plaintiff is proceeding in this action only with his claims against Alameida in his personal capacity. (*See* Doc. No. 9, Feb. 18, 2004, Order at 2.) Therefore, the Court does not address the sufficiency of the allegations with respect to official capacity liability.

**4.** To the extent Plaintiff attempts to state a claim alleging that he was deprived of his property without due process of law under the Fifth Amendment, his claim is discussed below in connection to his Fourteenth Amendment due process claim.

apply, he cannot predicate a takings claim on the basis of the administrative fee for the following reasons.

Plaintiff alleges his criminal conviction was entered on June 6, 2000. (Compl. at 2.) California trial courts have been required by state law since 1986 to order criminal defendants to pay restitution to their victims whenever the court denies probation. *See People v. Dorsey*, 75 Cal. App.4th 729, 734–36, 89 Cal.Rptr.2d 498 (1999). California law also provides that whenever such a restitution order is imposed, "the Director of Corrections shall deduct a minimum of 20 percent or the balance owing on the order amount, whichever is less, up to a maximum of 50 percent from the wages and trust account deposits of a prisoner, unless prohibited by federal law." *Id.* at 734, 89 Cal.Rptr.2d 498, citing CAL. PENAL CODE § 2085.5(b) (West Supp.2004). The restitution order is enforceable as if it were a civil judgment. *Id.*, at 734–35, 89 Cal.Rptr.2d 498, citing CAL. PENAL CODE § 1202.4(f) & (i) (West 2004).

■ Because Plaintiff's Takings Clause claim is merely an attempt to attack the means in which California is satisfying a civil judgment, there is no basis for a Takings Clause challenge. Unlike the ordinary situation where the government takes property for public use without a prior relationship to the owner of the property, Plaintiff is subject to the regulatory scheme here only as a result of a criminal conviction entered against him and the subsequent collection of a related civil judgment, and he retains the full measure of his rights to challenge the imposition and execution of the civil judgement. *See Castle v. United States*, 301 F.3d 1328, 1342 (Fed.Cir.2002) (holding that enactment of a regulatory scheme did not constitute an unconstitutional taking because the plaintiffs "retained the full range of remedies associated with any contractual property right they possessed."), *cert. denied*, 539 U.S. 925, 123 S.Ct. 2572, 156 L.Ed.2d 602 (2003). To the extent Plaintiff is merely seeking to vindicate his contractual rights arising from the relationship he alleges was created between him and Defendant as a result of entering into the trust arrangement, he has failed to state a Takings Clause claim. *See id.; see also Detroit Edison Co. v. United States*, 56 Fed. Cl. 299, 303 (Fed.Cl.2003) (noting it is inappropriate to permit a plaintiff "to pursue a takings remedy in order to circumvent the limitations inherent in its contractual relationship with the Government.").

It is clear that Plaintiff is not contending the government had a right to take his property and has failed to pay him just compensation, as is typical of a takings challenge. Rather, he is attacking the government's right to take his money in the first place. Such a claim is more appropriately brought as a due process violation. *Vance*, 345 F.3d at 1090 n. 7. This defect is further born out by the type of relief Plaintiff seeks, an injunction preventing Defendant from continuing to deduct money to satisfy the restitution order. Such relief is not available in a takings claim action since by definition the government has the legal authority to take the property for public use, and the issue to be litigated is the extent and nature of the just compensation due. *Ruckelshaus v. Monsanto Co.*, 467 U.S. 986, 1016, 104 S.Ct. 2862, 81 L.Ed.2d 815 (1984) ("Equitable relief is not available to enjoin an alleged taking of private property for public use, duly authorized by law, when a suit for compensation can be brought against the sovereign subsequent to the taking.") (footnote omitted); *Washington Legal Foundation v. Legal Foundation of Washington*, 271 F.3d 835, 880–81 (2001) (en banc) (noting that *Monsanto* prevents a court from enjoining takings in most in-

stances), *aff'd, Brown v. Legal Foundation of Washington,* 538 U.S. 216, 123 S.Ct. 1406, 155 L.Ed.2d 376 (2003). The "taking" of which Plaintiff complains here has been, as he correctly alleges in the Complaint, duly authorized by California law, and Plaintiff has the ability to bring a suit to recover the funds under due process principles and directly under state law.

In addition, a takings challenge in this situation is fundamentally at odds with the purpose of the Takings Clause. One of the principle purposes of the Takings Clause is "to bar Government from forcing some people alone to bear public burdens which, in all fairness and justice should be borne by the public as a whole." *Armstrong v. United States,* 364 U.S. 40, 49, 80 S.Ct. 1563, 4 L.Ed.2d 1554 (1960). Here, fairness and justice dictate that Plaintiff should be the person who bears the burden of paying restitution to the victims of his crimes, not the public as a whole. In any event, as previously noted, Plaintiff's claim is most appropriately analyzed under due process principles. *Vance,* 345 F.3d at 1090 n. 7.

Because Plaintiff is unable to state a claim under 42 U.S.C. § 1983 for a violation of his rights under the Fifth Amendment's Takings Clause, Defendant's Motion to Dismiss this claim pursuant to FED.R.CIV.P. 12(b)(6) is **GRANTED.** Additionally, because "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief," this claim is dismissed without leave to amend. *Conley,* 355 U.S. at 45–46, 78 S.Ct. 99.

### D. Equal Protection and Due Process.

Plaintiff next alleges that his Fourteenth Amendment equal protection rights were denied because Defendant Alameida treated Plaintiff differently than similarly situation persons. (Compl. at 5–8.) Plaintiff alleges he and other persons serving time in state prisons do not received the benefit of a $300 exemption of funds from restitution orders pursuant to Cal.Code of Civil Procedure § 704.090, but that persons confined in city and county jails are entitled to receive the exemption. (*Id.*)

The "Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Center,* 473 U.S. 432, 439, 105 S.Ct. 3249, 87 L.Ed.2d 313 (1985); *Shaw v. Reno,* 509 U.S. 630, 113 S.Ct. 2816, 125 L.Ed.2d 511 (1993). In addressing an equal protection claim, the Court must first decide the applicable level of scrutiny. The strict scrutiny standard applies only if the legislation discriminates against a suspect class or infringes upon a fundamental right. *Nordlinger v. Hahn,* 505 U.S. 1, 10, 112 S.Ct. 2326, 120 L.Ed.2d 1 (1992); *Harris v. McRare,* 448 U.S. 297, 322, 100 S.Ct. 2671, 65 L.Ed.2d 784 (1980) (the classification is presumed constitutional unless it in fringes upon a fundamental right or is based on a suspect classification). State prisoners are not a protected class under the Equal Protection Clause. *Rodriguez v. Cook,* 169 F.3d 1176, 1179 (9th Cir.1999). Therefore, unless Plaintiff can demonstrate that he has a fundamental right to receive the $300 statutory exemption, Defendant need show only that the distinction between classes of inmates bears a rational relation to a legitimate governmental interest. *Webber v. Crabtree,* 158 F.3d 460, 461 (9th Cir.1998).

Plaintiff alleges that persons serving time in state prisons do not get the benefit of the exemption, whereas prisoners held in city and county jails do. (Compl. at 4.) The statute, on its face, applies to persons

confined in prisons as well as those confined in jails. *See* CAL. CODE CIV. PRO. § 709.090 (West Supp.2004). However, Plaintiff's contention that he is entitled to the exemption with regard to the deductions from deposits into his trust account is an incorrect statement of California law. *See In re Betts*, 62 Cal.App.4th at 823, 73 Cal.Rptr.2d 254 (holding that Cal.Code of Civ. Pro. § 704.090 "provides an exemption for funds held in an inmate's trust account or similar account. It does not apply to trust account deposits or give an inmate the unfettered right to deposit or 'build up' his or her account to the exemption amount.")

■ In his Opposition, Plaintiff clarifies that persons confined in the city and county jail pursuant to superior court convictions who have been ordered to pay restitution fines are receiving the statutory exemption, and that state law provides that persons serving sentences in state prison are entitled to receive the exemption, but that Defendant Alameida is refusing to apply it to Plaintiff. (Memorandum of Points and Authorities in Support of Plaintiff's Opposition to MTD ["Pl.'s Opp."], Doc. No. 23, at 9.) As just discussed, Plaintiff does not have a statutory right to receive the exemption with respect to deposits into his trust account. However, even if Plaintiff could successfully allege that he has a statutory right to receive the exemption but Defendant is preventing him from receiving it, he is nevertheless unable to allege a fundamental right to receive the exemption.

Because Plaintiff is not a member of a protected class, and because he is unable to allege that he has a fundamental right in receiving the exemption, the disparate treatment alleged in the Complaint does not state an equal protection violation if it bears a rational relation to a legitimate governmental objective. *Webber*, 158 F.3d at 461. Defendant has identified legiti-

mate governmental interests in treating low security inmates housed in jails differently than high security inmates housed in prisons based on the nature and severity of the crimes committed, the length of sentences imposed, and concerns regarding the frequency of violence, escape and contraband possession. (MTD at 8.) Treating such classes of prisoners differently with respect to the availability of the exemption of deposits is rationally related to the state's interest in collecting restitution fines, as the differences in the length of terms and the nature of convictions suggest that inmates in jails will be able to satisfy their restitution fines more quickly because they will be released into the workforce sooner than persons sentenced to state prison. Accordingly, Plaintiff has failed to state an equal protection claim and it is clear that he is unable to amend his Complaint to do so.

■ Under a liberal construction of the Complaint, Plaintiff also appears to present a claim alleging denial of due process under the Fifth and Fourteenth Amendments. The procedural guarantees of the Fifth and Fourteenth Amendments' Due Process Clauses apply only where a constitutionally protected liberty or property interest is at stake. *Ingraham v. Wright*, 430 U.S. 651, 672, 97 S.Ct. 1401, 51 L.Ed.2d 711 (1977); *Neal v. Shimoda*, 131 F.3d 818, 827 (9th Cir.1997). Respondent acknowledges that Plaintiff has identified a protected property interest in the money which is sent to him by his family. (MTD at 9.)

■ Irrespective of whether Plaintiff alleges the deductions to pay the restitution order were authorized or unauthorized under state law, he has not stated a § 1983 claim for violation of his procedural due process rights. *See Turner v. Safley*, 482 U.S. 78, 89, 107 S.Ct. 2254, 96 L.Ed.2d 64 (1987) (authorized deprivation of property

pursuant to prison regulations is valid if it is reasonably related to legitimate penological interests); *Hudson v. Palmer*, 468 U.S. 517, 533, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984) (unauthorized negligent or intentional deprivation of property does not violate due process if meaningful post-deprivation remedy is available.) Plaintiff has failed to allege that he was not provided with adequate procedural due process in regards to the deduction of the funds to satisfy the restitution order both before and after the deprivation. Rather, he alleges that the restitution order was entered as a result of his criminal conviction, that the deduction was authorized by state law, and that he was able to challenge the deduction of the funds through the prison administrative grievance procedures. Plaintiff has not, and cannot, allege that the deduction of money to satisfy the victim restitution order is not a legitimate interest of the State of California. Accordingly, Plaintiff has not stated a procedural due process claim and it is clear that he is unable to amend his Complaint to so.

■ To the extent Plaintiff attempts to state a claim for violation of his substantive due process rights, it is also clear he is unable to do so. As the Court stated in *Patel v. Penman*, 103 F.3d 868 (9th Cir. 1996):

> "To establish a violation of substantive due process …, a plaintiff is ordinarily required to prove that a challenged government action was 'clearly arbitrary and unreasonable, having no substantial relation to the public health, safety, morals or general welfare.'" However, "(w)here a particular amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, 'that Amendment, not the more generalized notion of "substantive due process,"

must be the guide for analyzing a plaintiff's claims.' "

*Id.* at 874 (citations omitted).

■ Plaintiff does not allege, nor could he, that the government's action in imposing and collecting a restitution fine in order to require Plaintiff to pay restitution to the victim of his crimes is clearly arbitrary and unreasonable. Additionally, the Due Process Clause of the Fourteenth Amendment provides an explicit textual source of constitutional protection from the government's actions here. *See* U.S. CONST. AMEND. IV ("nor shall any state deprive any person of … property, without due process of law."). Accordingly, Plaintiff has not and cannot state a substantive due process claim.

Therefore, Defendant's Motion to Dismiss Plaintiff's claim for violation of the Due Process and Equal Protection Clauses of the Fifth and Fourteenth Amendments for failure to state a claim pursuant to FED.R.CIV.P. 12(b)(6) is **GRANTED**. Because "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief," this claim is dismissed without leave to amend. *Conley*, 355 U.S. at 45–46, 78 S.Ct. 99.

### E. *Heck v. Humphrey.*

Defendant contends the Complaint must be dismissed because Plaintiff's claims are barred by *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). (MTD at 10.) Specifically, Defendant contends that Plaintiff's challenge to his obligation to pay restitution is in fact a challenge to his criminal sentence. (MTD at 10–11.)

In *Heck*, the Supreme Court held that:

> We hold that in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other

harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

*Heck,* 512 U.S. at 486–87, 114 S.Ct. 2364 (footnote omitted).

When a claim alleges a violation of procedural due process rights, the determination of whether the challenge is properly brought under § 1983 must be based on whether "the nature of the challenge to the procedures could be such as necessarily to imply the invalidity of the judgment." *Edwards v. Balisok,* 520 U.S. 641, 645, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997). Therefore, a "district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Heck,* 512 U.S. at 487, 114 S.Ct. 2364. If, on the other hand, the "plaintiff's action, even if successful, will *not* demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed," in the absence of some other bar to the suit. *Id.* (emphasis in original).

Plaintiff seeks monetary damages and injunctive relief based on the manner in which Defendant is satisfying the restitution order imposed as a result of Plaintiff's criminal conviction. Plaintiff is not challenging the imposition of the restitution order itself. Because a successful challenge to the deduction of incoming funds to satisfy the restitution order would not necessarily invalidate any portion of Plaintiff's conviction or sentence, his claims are not barred by *Heck v. Humphrey.*

Therefore, Defendant's Motion to Dismiss the Complaint on the basis that Plaintiff's claims are barred by *Heck v. Humphrey* pursuant to Fed.R.Civ.P. 12(b)(6) is **DENIED.**

### F. Intent of the PLRA.

Defendant contends that Plaintiff's claims are barred by the intent of the Prison Litigation Reform Act of 1995. (MTD at 11.) Specifically, Defendant contends that one of the provisions of the PLRA provides that any compensatory awards won by prisoners as a result of civil action brought against a correctional facility shall be paid directly to satisfy any outstanding restitution orders against the prisoner. (MTD at 11, citing PLRA § 807.) Defendant contends that it is entirely consistent with the goals of the PLRA to require any monies sent to Plaintiff from any source to be taken and applied to any outstanding restitution orders. (MTD at 11.)

Because the Court has found that Plaintiff has not stated a claim upon which relief may be granted under § 1983, it is unnecessary to address Defendant's novel theory. Therefore, Defendant's Motion to Dismiss the Complaint pursuant to Fed.R.Civ.P. 12(b)(6) on the basis that Plaintiff's claims are barred by the intent of the PLRA is **DENIED** without prejudice.

### G. Qualified Immunity.

Defendant claims he is entitled to dismissal based on qualified immunity. Specifically, Defendant contends that Plaintiff has not established a constitutional violation, but that, even assuming one is now recognized, qualified immunity is appropriate because it has never been clearly es-

tablished that withholding funds to satisfy a properly entered restitution order violates any right. (MTD at 13–17.)

■ The entitlement to qualified immunity "is an *immunity from suit* rather than a mere defense to liability." *Mitchell v. Forsyth*, 472 U.S. 511, 526, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985) (emphasis in original). The defense of qualified immunity protects "government officials ... from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). This standard " 'gives ample room for mistaken judgments' by protecting 'all but the plainly incompetent or those who knowingly violate the law.' " *Hunter v. Bryant*, 502 U.S. 224, 229, 112 S.Ct. 534, 116 L.Ed.2d 589 (1991) (per curiam) (quoting *Malley v. Briggs*, 475 U.S. 335, 343, 106 S.Ct. 1092, 89 L.Ed.2d 271 (1986)); *Jeffers v. Gomez*, 267 F.3d 895, 909 (9th Cir.2001); *Saucier v. Katz*, 533 U.S. 194, 205, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001) ("The concern of the immunity inquiry is to acknowledge that reasonable mistakes can be made as to the legal constraints on particular police conduct.").

■ The required first step in a qualified immunity analysis is, "(t)aken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right?" *Saucier*, 533 U.S. at 201, 121 S.Ct. 2151; *Jackson v. City of Bremerton*, 268 F.3d 646, 650 (9th Cir. 2001). "If no constitutional right would have been violated were the allegations established, there is no necessity for further inquiries concerning qualified immunity." *Saucier*, 533 U.S. at 201, 121 S.Ct. 2151; *Haynie v. County of Los Angeles*, 339 F.3d 1071, 1078 (9th Cir.2003).

■ As discussed above, Plaintiff fails to allege a violation of any constitutional right. Because Plaintiff's allegations do not survive the first prong of qualified immunity analysis, the Court need not address the next prong: "whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Saucier*, 533 U.S. at 201–02, 121 S.Ct. 2151.

For these reasons, Defendant's Motion to Dismiss Plaintiff's Complaint based on qualified immunity is **GRANTED**.

### III. Defendant's FED.R.CIV.P. 12(f) Motion to Strike.

Defendant moves to strike the request for punitive damages in the Complaint. (MTD at 17–18.) Defendant contends that Plaintiff's allegations fall short of alleging that Defendant acted with the "evil motive or intent" or with "reckless or callous indifference to the federally protected rights of others" necessary to justify a claim for punitive damages. (*Id.* at 18.)

■ Motions to strike are generally disfavored. *Cairns v. Franklin Mint Co.*, 24 F.Supp.2d 1013, 1037 (C.D.Cal.1998). Under Rule 12(f), a party may move to strike "from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f). "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Sidney–Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir.1983).

Because the Court grants Defendant's motion to dismiss the Complaint, and dismisses the Complaint with prejudice and without leave to amend, there is no need to strike the prayer for punitive damages. Therefore, Defendant's Motion to Strike

pursuant to FED.R.CIV.P. 12(f) is **DENIED** without prejudice.

## IV. Supplemental Jurisdiction over Remaining State Law Claims.

Under a liberal construction of the Complaint, Plaintiff appears to be alleging state law claims predicated on violation of the trustee relationship between Plaintiff and Defendant, and violations of state regulations regarding administration of his prison trust account. (Compl. at 3–4, 6–7; Pl.'s Opp. at 9–11.)

■ [I]n the usual case in which all federal law claims are eliminated before trial, the balance of factors ... will point toward declining to exercise jurisdiction over the remaining state law claims." *Acri v. Varian Assoc., Inc.,* 114 F.3d 999, 1001 (9th Cir.1997) (en banc) (quoting *Carnegie–Mellon Univ. v. Cohill,* 484 U.S. 343, 350 n. 7, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988) (identifying relevant factors as "judicial economy, convenience, fairness and comity.").)

■ The Court finds that the instant case presents a situation where the values of "judicial economy, convenience, fairness, and comity" weigh in favor of dismissal without prejudice of Plaintiff's state law claims, to the extent he has attempted to bring such claims, for two reasons. First, Plaintiff does not clearly indicate in the Complaint that he intended to bring any state law claims in this action. Second, the state court is the proper fora for any state law claims attacking the administration of a prison trust account under state laws and regulations.

Therefore, the Court **DECLINES** to exercise supplemental jurisdiction over Plaintiff's state law claims and **DISMISSES** any state law claims in the Complaint without prejudice.

## V. Motion for Default Judgment.

Finally, Plaintiff requests the Court enter default judgment on the basis that Defendant filed his Motion to Dismiss one day late. (Pl.'s Motion at 2–4.) Defendant admits his Motion to Dismiss was filed one day late, but contends that the interests of justice do not favor entry of default judgment. (Def.'s Opp. at 2–3.)

■ The district court may enter a default judgment against a party who fails to plead or otherwise defend. *See* FED.R.CIV.P. 55(a). Defendant here filed his Motion to Dismiss nearly two months before Plaintiff moved for entry of default judgment. Thus, Plaintiff has failed to demonstrate any prejudice from the Defendant's delay in responding to his Complaint, or any other basis for the Court to enter default judgment. *See Eitel v. McCool,* 782 F.2d 1470, 1471 (9th Cir.1986) (setting forth factors to be considered in exercising discretion to enter default judgment, all of which disfavor entry of default judgment here). In any case, a default judgment may not be entered on a legally insufficient claim. *See Cripps v. Life Ins. Co. of North America,* 980 F.2d 1261, 1267–68 (9th Cir.1992) (reversing a default judgment entered on a legally insufficient claim).

Because the Court finds that Plaintiff has not stated a legally sufficient claim for a violation of his federal constitutional rights, and because the interests of justice do not provide for entry of default judgment, Plaintiff's Motion for Entry of Default Judgment is **DENIED**.

## VI. Conclusion and Order

For all the foregoing reasons, the Court hereby:

(1) **GRANTS** in part and **DENIES** in part Defendant's FED. R. CIV. P. 12(b)(6)

Motion to Dismiss Plaintiff's Complaint as set forth above [Doc. No. 13–1];

(2) **DENIES** Defendant's Fᴇᴅ. R. Cɪᴠ. P. 12(f) Motion to Strike the prayer for punitive damages [Doc. No. 13–2];

(3) **DECLINES** to exercise supplemental jurisdiction over Plaintiff's state law claims;

(4) **DENIES** Plaintiff's Motion for Entry of Default Judgment [Doc. No. 18]; and,

(5) **DISMISSES** this action in its entirety with prejudice.

**IT IS SO ORDERED.**