Filed 9/1/16  P. v. Woods CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>COREY WOODS,<br><br>    Defendant and Appellant. | B264691<br><br>(Los Angeles County<br>Super. Ct. No. BA422489) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Henry J. Hall, Judge.  Remanded in part; Affirmed in part.

Siri Shetty, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Paul M. Roadarmel, Jr., and Stephanie A. Miyoshi, Deputy Attorneys General, for Plaintiff and Respondent.

A jury convicted defendant Corey Woods of three counts (2, 4, and 7) of attempted murder (Pen. Code, §§ 664/187, subd. (a)), three counts (1, 3, and 6) of assault with a firearm on the same victims (§ 245, subd. (a)(2)), and one count (5) of unlawful possession of a firearm (§ 29800, subd. (a)(1)).[1] In each attempted murder count, the jury found that the crime was willful, deliberate, and premeditated (§ 664, subd. (a)) and that defendant used a firearm under the applicable alleged provisions of section 12022.53 (in count 2, subds. (b), (c), and (d); in counts 4 and 7, subds. (b) and (c)). In one attempted murder count (count 2), the jury also found that defendant inflicted great bodily injury (§ 12022.7, subd. (a)). In the assault with a firearm count, the jury found that defendant used a firearm (§ 12022.5) and in one count (count 1) that he inflicted great bodily injury (§ 12022.7, subd. (a)).

In a bifurcated proceeding, the trial court found true that defendant had a prior conviction for a strike offense under the "Three Strikes" law (§§ 667, subd. (d), 1170.12, subd. (b), 1170, subd. (h)(3)) and for a prior serious felony (§ 667, subd. (a)(1)), and had served a prior prison term (§ 667.5, subd. (b).)

The court sentenced defendant to state prison for 122 years to life on the attempted murder counts, calculated as follows. As to count 2, the court imposed a sentence of 44 years to life: the seven-year minimum term, doubled under the Three Strikes law to 14 years, plus 25 years to life for the section 12022.53, subdivision (d) finding, plus five years for the serious felony convictions (§ 667, subd. (a)(1)). On count 4, the court sentenced appellant to 39 years to life: 14 years to life (doubling the 7-year minimum term under Three Strikes law), plus 20 years for the section 12022.53, subdivision (c) finding, plus five years for the serious felony conviction (§ 667, subd. (a)(1)). On count 7, the court imposed 39

---

[1] Further unspecified statutory references are to the Penal Code.

years to life: 14 years to life (doubling the 7-year minimum term), 20 years for the section 12022.53, subdivision (c) finding, and five years for the serious felony convictions (§ 667, subd. (a)(1)).

On count 5, the court ordered a six-year sentence to run concurrently, and on counts 1, 3, and 6 stayed the sentences under section 654.

In this appeal from the judgment of conviction, defendant contends that his sentence must be reversed because the record shows that the court misunderstood its discretion to sentence concurrently on the attempted murder counts. We agree and remand for resentencing.

## BACKGROUND

As relevant to this appeal, the evidence at trial showed that around 6:00 a.m. on November 26, 2013, while in a room at the Bronco Motel in Los Angeles, having sex with a prostitute, Myesha C., defendant tried to remove his condom. When Myesha protested, defendant tried (in Myesha's words) to "force himself" on her. She called for help and ran to the door. Two pimps, Hub and KR, along with a woman, Norma P. (nicknamed China), entered the room and began to "rough up" defendant, but stopped when defendant said he would pay Hub (who was Myesha's pimp) more money for the trouble.

Hub left with defendant to go to an ATM, but returned alone, telling Myesha that defendant was taking too long. Hub was holding defendant's cell phone. About 20 minutes later, defendant returned in his car and demanded his cell phone. Hub refused to give it back until defendant paid. Hub and KR put defendant in a choke hold, pushed him into his car, and told him to leave. Defendant drove away.

A few hours later, defendant returned to the motel, accompanied by two other men. He came to Myesha's second-floor room, repeatedly banged on the

3

window, and asked for his phone. Myesha told defendant through the window that she did not have it.

Defendant went downstairs, where Norma told him and his companions to leave. On the second floor landing were KR and another resident of the motel, Smiley. Suddenly, as Norma was talking to the motel manager, defendant began firing a pistol. Norma heard more than three shots; Myesha heard four or five. Defendant fired first at the men on the landing, who scattered, and then at Norma, who fled and was wounded in both legs. A surveillance video recorded by the motel security camera depicted scenes from the shooting and was played for the jury.

## DISCUSSION

I.    *Concurrent vs. Consecutive Sentences*

Defendant contends that the trial court misunderstood its discretion to sentence concurrently on the attempted murder counts. On the record presented, we agree.

At the sentencing hearing, defendant's trial counsel "ask[ed] the court to use whatever discretion the court has to allow for concurrent sentencing. There was one victim that was hit and injured. The other two were not. Therefore, we're requesting the court to use its power."

The court responded: "I don't know exactly. It seems to be on behalf [*sic*] in this case multiple victims. . . . [W]hen you watch the video not only does Mr. Woods essentially track the lead victim Norma P. in terms of shooting at her but then turns around and fires up the stairwell at the other victims, fires across the parking lot at the other victims. So it's clear that this is separate intents, separate victims and separate acts on his part. And even if there was discretion to sentence concurrently on those or stay them somehow I don't think that there is."

4

The court then moved on, ruling that section 654 applied to the convictions of assault with a firearm, then denying defendant's *Romero* motion, and then imposing sentence. In imposing consecutive sentences on the attempted murder counts, the court did not state a reason in support of those sentences.

"The three strikes provisions require, among other things, that '[i]f there is a current conviction for more than one felony count not committed on the same occasion, and not arising from the same set of operative facts, the court shall sentence the defendant consecutively on each count pursuant to [this section].' (§ 667, subd. (c)(6), [citations].) In addition, '[i]f there is a current conviction for more than one serious or violent felony as described in [subdivision (c)(6)], the court shall impose the sentence for each conviction consecutive to the sentence for any other conviction for which the defendant may be consecutively sentenced in the manner prescribed by law.' (§ 667, subd. (c)(7).) [¶] By implication, a trial court has discretion to impose concurrent sentences only 'if the multiple current felony convictions are "committed on the same occasion" or "aris[e] from the same set of operative facts."' [Citations.] Crimes are committed 'on the same occasion' when there is close 'temporal and spatial proximity between the acts underlying the current convictions.' [Citation.] Crimes '"aris[e] from the same set of operative facts"' depending on 'the extent to which common acts and elements of such offenses unfold together or overlap, and the extent to which the elements of one offense have been satisfied, rendering that offense completed in the eyes of the law before the commission of further criminal acts constituting additional and separately chargeable crimes.' [Citation.] The determination of whether consecutive sentences are mandatory under the Three Strikes law is not governed, however, by a section 654, subdivision (a) analysis of whether the defendant had multiple criminal objectives during an otherwise individual course of conduct. [Citation.]" (*People v. Byrd* (2011) 194 Cal.App.4th 88, 103-104.)

Here, on this ambiguous record, we cannot conclude that the court fully understood its discretion to sentence concurrently and exercised it. Its comments suggest that it believed it had no discretion or did not know whether it did. Respondent concedes, at the very least, that the court was not required to impose consecutive sentences on counts 4 and 7, regarding the victims who were on the landing, because those crimes were committed on the same occasion or involved the same set of operative facts. We agree. Respondent argues, however, that a consecutive sentence was mandatory on count 2, in which the victim was Norma, because the act of shooting at the victims on the landing was complete when defendant turned the gun on her and fired. However, this argument would require us to make factual findings not made by the trial court, which we decline to do. The trial court's comments suggest that it was applying a section 654 analysis when discussing the crimes rather than the analysis required by the Three Strikes law. It should be for the trial court, in the first instance, to consider the factual issues involved in determining whether consecutive sentencing was mandatory on count 2 — e.g., the temporal and spatial proximity of the crimes, and the extent of overlap.

Respondent contends that because defendant's trial counsel asked only that the court "*use whatever discretion the court has* to allow for concurrent sentencing" (italics added), rather than arguing that the court actually had such discretion and objecting to the court's comments, the issue is forfeited on appeal. (See *People v. Trujillo* (2015) 60 Cal.4th 850, 856-857, and cases cited therein.) We disagree. Trial counsel's request prompted a brief discussion whether concurrent sentencing was permissible, and was thus sufficient to preserve the issue.

Respondent contends that a remand for resentencing is not required, because it is not reasonably probable that defendant would receive a more favorable

sentence. (*People v. Scott* (1994) 9 Cal.4th 331, 355.) Respondent relies on the court's comment: "And even if there was discretion to sentence concurrently on those or stay them somehow I don't think that there is." Respondent interprets this comment as meaning that even if the court recognized its discretion to sentence concurrently, it nonetheless would have choosen consecutive sentences. But the court's comment, as reflected in the record, is too ambiguous to draw such a conclusion. The comment, as reported, suggests that the court did not think it had discretion to sentence concurrently ("somehow I don't think that there is"). Thus, because we cannot conclude that the trial court properly understood the analysis required to rule in the first instance whether it had discretion to sentence concurrently on count 2, and to exercise that discretion at least as to counts 4 and 7, we must remand for resentencing. (*People v. Deloza* (1998) 18 Cal.4th 585, 600.)

II.    *Corrected Abstract of Judgment*

Defendant and respondent agree that the abstract of judgment fails to properly characterize the sentence on the attempted murder counts, insofar as it states that the sentences on those counts (2, 4 and 7) are "14 years to Life." The abstract should rather state the minimum term of parole eligibility on those counts, 7 years, doubled to 14 years under Three Strikes law. (See *People v. Dorsey* (1999) 75 Cal.App.4th 729, 738 ["[t]he abstract of judgment is modified to reflect . . . the minimum parole eligibility information for each life sentence"].)


III.    *Section 667.5, Subdivision (b) Prior*

Relying on *People v. Jones* (1993) 5 Cal.4th 1142 (*Jones*), defendant contends that the trial court should have stricken rather than stayed the section 667.5, subdivision (b) prison prior. We disagree.

7

*Jones* held that a defendant's sentence cannot be enhanced for a prior serious felony conviction under section 667, subdivision (a) and a prior prison term under section 667.5, subdivision (b), where the enhancements are based on the same prior conviction. Rather, "when multiple statutory enhancement provisions are available for the same prior offense, one of which is a section 667 enhancement, the greatest enhancement, but only that one, will apply." (*Jones, supra*, 5 Cal.4th at p. 1150.)

As stated in *People v. Lopez* (2004) 119 Cal.App.4th 355, 364: "The court [in *Jones*] therefore remanded 'with directions to strike the one-year enhancement . . . under subdivision (b) of section 667.5 . . . .' [Citation.] [¶] *Jones*, however, did not actually discuss whether striking the unused enhancement finding was the appropriate remedy. As the Supreme Court has often reminded us, 'cases are not authority for propositions not considered. [Citations.]' [Citation.] Moreover, it is not at all clear whether the court intended to strike the enhancement finding or the punishment for the enhancement. Since the trial court had sentenced the defendant to a separate and consecutive term for each enhancement, certainly the court had to do something to eliminate the excess punishment. Thus, *Jones* is not authority for the proposition that an unused enhancement finding must be stricken."

We agree with the analysis in *Lopez*. As *Lopez* and other cases have concluded, the appropriate remedy is to apply California Rules of Court, rule 4.447, under which the one-year term for the section 667.5, subdivision (b) prison prior should be imposed and stayed. (*Lopez, supra,* 119 Cal.App.4th at p. 364; see *People v. Brewer* (2014) 225 Cal.App.4th 98, 104; *People v. Walker* (2006) 139 Cal.App.4th 782, 794, fn. 9.) That is what the trial court did here.

## DISPOSITION

The case is remanded for resentencing. On remand, the court shall determine in the first instance whether the evidence shows that consecutive

sentencing is mandatory on court 2, and, if appropriate on that count, the court shall exercise its discretion in determining whether to sentence consecutively or concurrently. Also, because concurrent sentencing is available as a sentencing choice on counts 4 and 7, the court shall exercise its discretion in determining whether to sentence concurrently or consecutively on those counts. The abstract of judgment shall reflect for counts 2, 4 and 7 the minimum parole eligibility period of 7 years, doubled to 14 years under theThree Strikes law. In all other respects, the judgment is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

WILLHITE, J.

We concur:

EPSTEIN, P. J.

MANELLA, J.

9