Filed 12/21/16

# CERTIFIED FOR PARTIAL PUBLICATION[*]

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>      v.<br><br>ARTER MYLES,<br><br>      Defendant and Appellant. | B270409<br><br>(Los Angeles County<br>Super. Ct. No. BA428570) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Shelly B. Torrealba, Judge.  Affirmed as modified.

Pierpont M. Laidley for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Paul M. Roadarmel, Jr. and Stacy S. Schwartz, Deputy Attorneys General, for Plaintiff and Respondent.

---

[*]      Pursuant to California Rules of Court, rules 8.1100 and 8.1110, this opinion is certified for publication with the exception of parts II and III (A)-(B).

# I.  INTRODUCTION

Following the denial of his evidence suppression motion (Pen. Code, § 1538.5), defendant, Arter Myles, pled no contest to two felonies. Defendant pled no contest to charges of cocaine possession while armed with a loaded operable semi-automatic handgun and having a concealed firearm in a vehicle.  (Health & Saf. Code, § 11370.1, subd. (a); Pen. Code, § 25400, subd. (a)(1).)  Imposition of sentence was suspended and defendant was placed on formal probation for three years.  On appeal, defendant challenges the denial of his evidence suppression motion.  We affirm the order denying defendant's evidence suppression motion.  But, we modify the order granting probation with respect to assessments under Penal Code section 1465.8, subdivision (a)(1) and Government Code section 70373, subdivision (a)(1).  In the published portion of this opinion, we hold no Health and Safety Code section 11372.5, subdivision (a)(1) criminal laboratory analysis fee could be imposed.

[Parts II and III (A)-(B) are deleted from publication.  See post at page 7 where publication is to resume.]

2

## II. PROCEEDINGS IN THE TRIAL COURT

Officer Patrick Lane testified at the preliminary hearing. On August 15, 2014, at approximately 8:30 p.m., Officer Lane and a partner, identified only as Officer Fernandez, were on patrol in a patrol car. They saw defendant and another man. The two men were standing next to defendant's Toyota Prius in an apartment building parking lot. The other man was drinking from a clear glass vodka bottle. The parking lot was unfenced. It was readily accessible to the public. There were no "private property" signs. Defendant did not live in the apartment building.

After stepping out of his patrol car, Officer Lane smelled burnt marijuana coming from the Prius. Officer Lane explained that the suspected public drinking first drew his attention. But the reason he entered the parking lot was to conduct a narcotics investigation. After ascertaining that the Prius belonged to defendant, Officer Lane asked, "[Is there] anything in the car that we need to know about." Defendant said he had a loaded, locked and secured Smith and Wesson 9 millimeter handgun in the trunk. Officer Fernandez searched the Prius. Officer Fernandez found a clear baggie containing 2.94 grams of cocaine powder in the driver's door compartment. This was a usable amount of cocaine. Officer Fernandez also found a loaded, operable, semiautomatic 9 millimeter Smith and Wesson

3

handgun under the driver's seat.  There was a gun box in the trunk.  Officer Fernandez also discovered two additional magazines containing live 9 millimeter rounds in the rear passenger compartment.

Defendant was advised of his rights pursuant to *Miranda v. Arizona* (1966) 384 U.S. 436, 444-445.  Defendant admitted the gun was his.  Defendant also admitted purchasing the gun from a friend about a week earlier.  Defendant also admitted: he had not yet registered the weapon; he knew that to be wrong; he had purchased the weapon because the gun he used for work had been stolen weeks prior; and he had not yet filed a police report concerning the theft.  Defendant denied any knowledge of the cocaine.

Defendant sought to suppress the evidence found in the Prius.  The trial court found the officers properly entered the apartment building parking lot to investigate suspected drinking in public and, smelling marijuana, had further probable cause to detain and investigate.

## III.  DISCUSSION

### A.  The Evidence Suppression Motion

Defendant contends the officers had no reasonable belief he had committed a public offense in their presence because the drinking was occurring on *private property*.  Defendant's argument hinges on the question of whether the apartment building parking lot was a private or a public place.  We find it was a public place.  We apply the following standard of review: "'We defer to the trial court's factual findings, express or implied, where supported by substantial evidence.  In determining whether, on the facts so found, the search or seizure was reasonable under the Fourth Amendment, we exercise our independent judgment.'  (*People v. Glaser* (1995) 11 Cal.4th 354, 362.)"  (*People v. Maury* (2003) 30 Cal.4th 342, 384; accord, *Robey v. Superior Court* (2013) 56 Cal.4th 1218, 1223.)

As many courts have repeatedly held, an unfenced apartment complex parking lot, visible from the street and readily accessible to passersby, is a public place.  There was nothing that prevented public access to the parking lot.  (*People v. Yarbrough* (2008) 169 Cal.App.4th 303, 319 [private residential driveway exposed to general view and accessible to the public without barrier]; *People v. Chavez* (2008) 161 Cal.App.4th 1493, 1500 [residential side gate, no barrier to public access]; *People v. Jimenez* (1995) 33

5

Cal.App.4th 54, 60, 63 [unfenced residential driveway readily accessible to the public]; *In re Gregory S.* (1980) 112 Cal.App.3d 764, 775 [unenclosed residential front yard and driveway adjacent to public street]; *People v. Olson* (1971) 18 Cal.App.3d 592, 598 [residential front yard]; *People v. Perez* (1976) 64 Cal.App.3d 297, 301 [unlocked, ungated apartment hallway accessible to all]; *People v. Green* (1971) 15 Cal.App.3d 766, 771 [hospital parking lot accessible to public]; Cf. *People v. Krohn* (2007) 149 Cal.App.4th 1294, 1299 [courtyard of gated apartment complex not a public place]; *People v. Strider* (2009) 177 Cal.App.4th 1393, 1405 [fenced yard not a public place]; *People v. Davis* (2006) 141 Cal.App.4th 519, 523 [private residence garage not a public place]; *People v. White* (1991) 227 Cal.App.3d 886, 892 [fenced, gated residential yard guarded by three dogs not a public place].)  As the Court of Appeal observed in *People v. Krohn, supra,* 149 Cal.App.4th at page 1298: "The term 'public place' generally means 'a location readily accessible to all those who wish to go there . . . .' (*People v. Perez*[, *supra,*] 64 Cal.App.3d [at p.] 301 . . . .)  The key consideration is whether a member of the public can access the place 'without challenge.' (*People v. Olsen*[, *supra,*] 18 Cal.App.3d [at p. ] 598.)"  Nothing prevented access to the apartment building parking lot in the present case.  Defendant's evidence suppression motion was properly denied.

B. Court Facilities and Security Assessments

A $30 court facilities assessment under Government Code section 70373, subdivision (a)(1) and a $40 court security assessment under Penal Code section 1465.8, subdivision (a)(1) was imposed. We asked the parties to brief the question whether, because defendant was convicted of two felonies, the assessments should have been in the amount of $60 and $80 respectively. The order granting probation must be modified to so provide. (*People v. Kim* (2011) 193 Cal.App.4th 836, 842-843; *People v. Woods* (2010) 191 Cal.App.4th 269, 271-273; *People v. Pacheco* (2010) 187 Cal.App.4th 1392, 1403, disapproved on other points in *People v. McCullough* (2013) 56 Cal.4th 589, 599, and *People v. Trujillo* (2015) 60 Cal.4th 850, 858, fn. 5.)

[The balance of the opinion is to be published.]

C. Laboratory Analysis fee

The trial court orally imposed a $50 crime lab analysis fee. Presumably, the trial court was imposing a Health and Safety Code section 11372.5, subdivision (a) criminal laboratory analysis fee. Health and Safety Code section 11372.5, subdivision (a) states in part, "Every person who is convicted of a violation of Section 11350, 11351, 11351.5, 11352, 11355, 11358, 11359, 11361, 11363, 11364, 11368,

11375, 11377, 11378, 11378.5, 11379, 11379.5, 11379.6, 11380, 11380.5, 11382, 11383, 11390, 11391, or 11550 or subdivision (a) or (c) of Section 11357, or subdivision (a) of Section 11360 of this code, or Section 4230 of the Business and Professions Code shall pay a criminal laboratory analysis fee in the amount of fifty dollars ($50) for each separate offense." The only offenses for which the criminal laboratory analysis fee may be imposed are those listed or enumerated in Health and Safety Code section 11372.5, subdivision (a). (See *People v. Vega* (2005) 130 Cal.App.4th 183, 193-194; *People v. Dorsey* (1999) 75 Cal.App.4th 729, 732.) The only drug offense defendant pled no contest to was a violation of Health and Safety Code section 11370.1, subdivision (a). But possession of a controlled substance while armed with a firearm is not an enumerated crime listed in Health and Safety Code section 11372.5, subdivision (a). As a result, the trial court could not impose the $50 criminal laboratory analysis fee. This is a jurisdictional error which may be corrected for the first time on appeal. (*People v. Talibdeen* (2002) 27 Cal.4th 1151, 1157 [failure to impose penalty assessments on Health & Saf. Code, § 11372.5, subd. (a) drug fee is a jurisdictional error]; *People v. Martinez* (1998) 65 Cal.App.4th 1511, 1521 [same].) We reverse the order imposing the criminal laboratory analysis fee.

## IV.  DISPOSITION

The order under review is modified to include a $60 court facilities assessment (Gov. Code, § 70373, subd. (a)(1)) and an $80 court operations assessment. (Pen. Code, §  1465.8, subd. (a)(1).)  The order imposing a Health and Safety Code section 11372.5, subdivision (a) laboratory analysis fee is reversed. All other orders are affirmed.

**CERTIFIED FOR PARTIAL PUBLICATION**\*

TURNER, P.J.

We concur:

BAKER, J.

KUMAR, J.\*

---

\* Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.