Filed 6/10/26  P. v. Lauchaire CA3

NOT TO BE PUBLISHED

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

(Sacramento)

| | |
|---|---|
| THE PEOPLE,<br>        Plaintiff and Respondent,<br><br>        v.<br><br>SUNNY LAUCHAIRE,<br>        Defendant and Appellant. | C102985<br><br>(Super. Ct. No. 24FE018330) |

Defendant Sunny Lauchaire pleaded no contest to possession of methamphetamine while armed with a loaded firearm (Health & Saf. Code, § 11370.1, subd. (a); statutory references that follow are to the Penal Code).  The trial court placed defendant on formal probation and ordered her to pay the mandatory minimum fees and fines, including the $50 criminal laboratory analysis fee set forth in section 11372.5.  On appeal, defendant challenges only the imposition of the $50 fee, contending that because the offense for which she was convicted is not one of the enumerated offenses in section 11372.5, the fee is unauthorized.  The People agree the fee should be stricken.  We agree with the parties and will modify the judgment to strike the fee.

A detailed statement of the facts underlying defendant's conviction is not necessary to the issue addressed in this appeal.  Briefly, defendant was charged with five counts of various drug and weapons offenses.  She pleaded no contest to one count of possession of methamphetamine while armed with a loaded firearm (§ 11370.1, subd.

1

(a)).  The trial court suspended imposition of the sentence and placed defendant on formal probation for two years.  The court also imposed the mandatory minimum fines and fees.  One of the fees the court imposed as a condition of defendant's probation was the $50 criminal laboratory analysis fee under section 11372.5, subdivision (a).

Defendant timely appealed.

## DISCUSSION

The defendant contends that the trial court could not impose the $50 criminal laboratory analysis fee because the offense of which she was convicted, possession of methamphetamine while armed with a loaded firearm (§ 11370.1, subd. (a)), is not one of the offenses listed in section 11372.5.

Section 11372.5, subdivision (a) states, "Every person who is convicted of a violation of Section 11350, 11351, 11351.5, 11352, 11355, 11358, 11359, 11361, 11363, 11364, 11368, 11375, 11377, 11378, 11378.5, 11379, 11379.5, 11379.6, 11380, 11380.5, 11382, 11383, 11390, 11391, or 11550 or subdivision (a) or (c) of Section 11357, or subdivision (a) of Section 11360 of this code, or Section 4230 of the Business and Professions Code shall pay a criminal laboratory analysis fee in the amount of fifty dollars ($50) for each separate offense."  The fee only applies to the offenses "listed or enumerated in . . . section 11372.5, subdivision (a)." (*People v. Myles* (2016) 6 Cal.App.5th 1158, 1160.)

Here, defendant pleaded no contest to possession of methamphetamine while armed with a loaded firearm (§ 11370.1, subd. (a)), an offense not listed in section 11372.5, subd. (a)).  Thus the trial court could not legally impose the $50 criminal laboratory analysis fee as a probation condition (*People v. Myles*, *supra*, 6 Cal.App.5th at p. 1160) and the fee is, therefore, unauthorized.  (*Ibid*.)  Accordingly, we accept the People's concession and strike the fee.  (See *People v. Dotson* (1997) 16 Cal.4th 547, 554, fn. 6 [claim that a sentence is unauthorized may be raised for the first time on appeal

2

and corrected whenever error comes to the attention of the reviewing court]; see also *People v. Soto* (2016) 245 Cal.App.4th 1219, 1231-1233 [striking unauthorized fee on appeal].)

DISPOSITION

The judgment is modified to vacate the $50 criminal laboratory analysis fee (§ 11372.5, subd. (a)).  As modified, the judgment is affirmed.  The Superior Court clerk shall prepare a modified abstract of judgment.


/s/ _____
HULL, Acting P. J.


We concur:




/s/ _____
ROBIE, J.




/s/ _____
BOULWARE EURIE, J.